UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA NAILS,<br><br>             Plaintiff,<br><br>     v.<br><br>24 HOUR FITNESS CENTER,<br><br>             Defendant. | No. 2:16-cv-688-MCE-EFB PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

This matter is before the court on defendant 24 Hour Fitness USA, Inc.'s motion to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) or, in the alternative, for a more definite statement pursuant to Rule 12(e).[1] ECF No. 3. Also pending is the court's order directing plaintiff to show cause why sanctions should not be imposed for her failure to timely file a response to defendant's motion. For the reasons explained below, the order to show cause is discharged and it is recommended that defendant's motion to dismiss be granted.[2]

/////

/////

---

[1] This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1)

[2] The court determined that oral argument would not materially assist in the resolution of the pending motion and the matter was ordered submitted on the briefs. See E.D. Cal. L.R. 230(g).

1

I.      Order to Show Cause

Defendant noticed its motion to dismiss for hearing on June 29, 2016. ECF No. 8. Pursuant to Local Rule 230(c), plaintiff was required to file an opposition or statement of non-opposition to the motion by June 15, 2016, but failed to do so. *See* E.D. Cal. L.R. 230(c) (providing that opposition to the granting of a motion, or a statement of non-opposition thereto, must be served upon the moving party, and filed with this court, no later than fourteen days preceding the noticed hearing date). Accordingly, plaintiff was ordered to show cause why sanctions should not be imposed on her for failing to timely file an opposition brief or a statement of non-opposition to the pending motion. ECF No. 13.

Plaintiff's response indicates that she did not initially receive a copy of defendant's motion. ECF No. 17 at 1.[3] In light of her representation and her pro se status, the order to show cause is discharged and no sanctions are imposed.

II.     Defendant's Rule 12(b)(6) Motion

Defendant moves to dismiss this action pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. ECF No. 3.

The complaint alleges that on May 6, 2015, plaintiff was in a sauna with another individual at one of defendant's fitness centers. Compl. (ECF No. 1-1) at 3. The unidentified individual spit at plaintiff, hitting her right arm. *Id*. Plaintiff complained of this incident to management at the Olathe, Kansas 24 Hour Fitness location, but no action was taken. *Id*.

Plaintiff claims that 10 days later a 24 Hour Fitness employee was talking about plaintiff to another individual, identified only as a "Mexican visitor." *Id*. Plaintiff alleges that shortly thereafter she was accosted by "Mexicans," who laughed at her and rolled their eyes. *Id*.

Plaintiff also claims that on May 19, 2015, she was "stuck" by the same unidentified individual that spat on her in the sauna. *Id*. She says that she reported this incident to a 24 Hour Fitness employee named Brad, and made a complaint through defendant's toll free number. *Id*. at

/////

---

[3] The page numbers cited herein refer to those assigned by the court's electronic docketing system and not those assigned by the parties.

2

4. She claims, however, that "[t]here has been nothing done to stop the employees and the members action from day one." *Id*.

Plaintiff also alleges discriminatory treatment by a 24 Hour Fitness manager. She claims that the manager told her that she was not allowed to take food and drinks into the locker room or the "wet area" of the fitness center, even though plaintiff had witnessed other members bringing juices, coke, and tea into these areas. When plaintiff asked the manager about the discrepancy, the manager responded "it is ok for the other members but not you." *Id*.

III.   Rule 12(b)(6) Standard

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithem*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969). The court will "presume that general allegations embrace those specific facts that are necessary to support the claim.'" *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256 (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985). The Ninth Circuit has held that the less stringent standard for pro se parties is now higher in light of *Iqbal* and *Twombly*, but the court still continues to construe pro se filings liberally. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, the court's liberal interpretation of a pro se litigant's pleading may not supply essential elements of a claim that are not pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

In deciding a Rule 12(b)(6) motion to dismiss, the court may consider facts established by exhibits attached to the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987), and matters of public record, including pleadings, orders, and other papers filed with the court, *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

IV.   <u>Discussion</u>

Arguing that the complaint lacks sufficient allegations to state a claim, defendant notes that the complaint consists primarily of nonsensical facts and conclusory statements which are difficult to characterize as a cognizable claim. ECF No. 3-1, at 8. Assuming plaintiff intends to assert a claim for battery, defendant argues that she has sued the wrong defendant. ECF No. 3-1, at 8-9. Defendant further argues that to the extent plaintiff alleges claims for premises liability and discrimination in violation of Title VII, such claims must be dismissed for failure to allege sufficient facts in support of these claims. *Id*. at 9-12. But even these contentions are uncertain as one must guess as to the possible claims plaintiff is asserting. Her complaint does not identify any specific claim, nor does it tether the factual allegations to a cognizable legal theory. Instead,

she provides sparse allegations relating to four separate incidents, and then requests that she be awarded $100,000 damages. ECF No. 1-1 at 3-5. Accordingly, her complaint fails to put defendant on notice as to the nature of plaintiff's claims and the grounds upon which they rest. *See Twombly*, 550 U.S. at 555. Therefore, it must be dismissed for failure to state a claim. *Id.*; *Balisteri*, 901 F.2d at 699 ("Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.").[4] As it is unclear whether amendment is futile, plaintiff must be granted leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).[5]

V.  Conclusion

Accordingly, it is hereby ORDERED that:

1. The June 22, 2016 (ECF No. 13) order to show cause is discharged; no sanctions are imposed.
2. The January 18, 2017 Status Conference is VACATED, to be reset, as appropriate; and
3. Defendant's request to appear telephonically at the Status Conference (ECF No. 21) is denied as moot.

Further, it is RECOMMENDED that:

1. Defendant's motion to dismiss (ECF No. 3) be granted; and
2. Plaintiff be granted thirty days from the date of service of any order adopting these findings and recommendations to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."

/////

/////

---

[4] The court need not address defendant's argument that plaintiff fails to state claims for battery, premises liability, or violation of Title VII, as it is not even clear if plaintiff alleges such claims.

[5] As the complaint must be dismissed for failure to state a claim, the court declines to address defendant's motion for a more definite statement.

5

Plaintiff is admonished that failure to timely file an amended complaint will result in a recommendation that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  December 20, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE